RE: POWERS OF OKLAHOMA STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD
ATTORNEY GENERAL HENRY HAS DIRECTED ME TO RESPOND TO YOUR LETTER SEEKING AN OFFICIAL OPINION OF THE ATTORNEY GENERAL ANSWERING SEVERAL QUESTIONS ABOUT THE POWERS OF THE OKLAHOMA STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD (THE BOARD). BECAUSE THE ANSWERS TO ALL YOUR QUESTIONS MAY BE ASCERTAINED READILY BY REFERENCE TO WELL-ESTABLISHED LEGAL AUTHORITY AND BECAUSE YOUR QUESTIONS POSE NO NOVEL PROBLEM OF STATUTORY INTERPRETATION, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NEITHER NECESSARY NOR APPROPRIATE. ALTHOUGH THE RESPONSE PROVIDED IN THIS LETTER IS NOT AN OFFICIAL ATTORNEY GENERAL'S OPINION, REPRESENTING, RATHER, THE INDIVIDUAL VIEWS OF THE UNDERSIGNED ONLY, I BELIEVE IT IS DISPOSITIVE OF THE QUESTIONS YOU RAISE, WHICH ARE AS FOLLOWS:
 1. DOES THE OKLAHOMA STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD HAVE THE POWER AND AUTHORITY TO APPOINT AN IN-HOUSE CHIEF COUNSEL, IN LIGHT OF OKLAHOMA STATUTES, TITLE 74 O.S. 1304(4), WHICH STATES THAT THE ATTORNEY GENERAL SHALL ADVISE THE BOARD?
 2. DOES THE OKLAHOMA STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD HAVE THE POWER AND AUTHORITY UNDER OKLAHOMA STATUTES, TITLE 74 O.S. 1301 ET., TO CREATE ACCIDENT AND HEALTH POLICIES, WITH MAJOR MEDICAL BENEFITS, THAT PROVIDE FOR SUBROGATION BY THE OKLAHOMA STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD (BOARD), IN CASES WHERE THE BOARD PAYS A PERCENTAGE OF THE MEDICAL AND HOSPITALIZATION COSTS OF A STATE OR EDUCATION EMPLOYEE WHO WAS INJURED BY THE NEGLIGENCE OF A THIRD PARTY TORT FEASOR?
 3. DOES THE OKLAHOMA STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD (BOARD) HAVE THE AUTHORITY TO REQUIRE, BY WAY OF THEIR (SIC) MASTER POLICY FOR STATE AND EDUCATION EMPLOYEES, THAT THE STATE OR EDUCATION EMPLOYEE INDEMNIFY THE BOARD FOR ANY AMOUNTS RECOVERED BY THE INSURED FROM A THIRD PARTY TORT FEASOR, IN CASES WHERE A PORTION OF THE MEDICAL OR HOSPITALIZATION COSTS HAVE BEEN PAID UNDER THE BOARD'S GROUP INSURANCE PLAN?
TURNING TO YOUR FIRST QUESTION, ABOUT THE AUTHORITY OF THE BOARD TO HIRE IN-HOUSE LEGAL COUNSEL, I WOULD DIRECT YOUR ATTENTION TO 74 O.S. 1320 (1989) WHICH PROVIDES, IN PERTINENT PART, THAT THE "BOARD MAY HIRE . . . ATTORNEYS LICENSED TO PRACTICE LAW IN THIS STATE. . . . ATTORNEYS HIRED BY THE BOARD SHALL HAVE NOT LESS THAN FIVE (5) YEARS OF EXPERIENCE IN MATTERS RELATED TO THE INSURANCE INDUSTRY." ON THE OTHER HAND, THE BOARD IS PROHIBITED FROM "EMPLOY(ING) OR CONTRACT(ING) FOR PRIVATE LEGAL COUNSEL." 74 O.S. 1320(C) (1989). THE STATUTORY PROVISION CITED IN YOUR LETTER, 1304(4), REQUIRES THE ATTORNEY GENERAL TO "FURNISH THE BOARD WITH LEGAL ADVICE." FINALLY, 74 O.S. 1320(C) PROVIDES THAT "(T)HE BOARD MAY AT ITS REQUEST USE THE SERVICES OF THE OFFICE OF THE ATTORNEY GENERAL." (EMPHASIS ADDED)
THE DISTILLATE OF THESE STATUTES IS THAT THE BOARD MAY HIRE IN-HOUSE COUNSEL (WITHIN CERTAIN LIMITATIONS AS NOTED IN THE QUOTED STATUTES) AND MAY ALSO UTILIZE THE OFFICE OF ATTORNEY GENERAL. NUMEROUS AGENCIES WHICH ARE AUTHORIZED TO EMPLOY THEIR OWN LAWYERS ALSO HAVE ACCESS TO THE LEGAL SERVICES OF THE ATTORNEY GENERAL. FOR LIMITED EXCEPTIONS TO THIS RULE, SEE 74 O.S. 18C.
YOUR SECOND AND THIRD QUESTIONS BOTH INQUIRE ABOUT THE BOARD'S SUBROGATION AND INDEMNIFICATION RIGHTS IN INSTANCES WHERE THE BOARD PAYS BENEFITS DIRECTLY TO MEMBERS. THERE CAN BE LITTLE DOUBT THAT THERE IS BOTH DIRECT AND IMPLIED AUTHORITY FOR CREATING SUCH SUBROGATION AND INDEMNIFICATION RIGHTS IN THE BOARD. IN TERMS OF DIRECT AUTHORITY, I WOULD CALL YOUR ATTENTION TO THE FOLLOWING RULE, ADOPTED BY THE BOARD.
THIS PLAN RESERVES THE RIGHT TO RECOVER ANY PAYMENTS MADE ON BEHALF OF AN EMPLOYEE OR DEPENDENT FOR INJURY CAUSED BY A THIRD PARTY'S WRONGFUL ACT OR NEGLIGENCE IN WHICH A THIRD PARTY OR THE THIRD PARTY'S INSURER MAKES PAYMENT. WE WILL PAY PLAN BENEFITS FOR THAT INJURY SUBJECT TO THE FOLLOWING CONDITIONS:
 A. EMPLOYEE MUST AGREE TO OUR BEING SUBROGATED TO ANY RECOVERY OR RIGHT OF RECOVERY THE EMPLOYEE OR DEPENDENT HAS AGAINST THAT THIRD PARTY.
 B. EMPLOYEE OR DEPENDENT WILL NOT TAKE ANY ACTION WHICH WOULD PREJUDICE OUR SUBROGATION RIGHTS, AND
 C. EMPLOYEE WILL COOPERATE IN DOING WHAT IS REASONABLY NECESSARY TO ASSIST US IN ANY RECOVERY. WE WILL SUBROGATE ONLY TO THE EXTENT OF PLAN BENEFITS PAID BECAUSE OF THAT INJURY. OKLAHOMA STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD RULES AND REGULATIONS, EFFECTIVE JUNE 10, 1989, CHAPTER II, SECTION 210.
THIS RULE WAS ADOPTED PURSUANT TO THE OKLAHOMA ADMINISTRATIVE PROCEDURES ACT, 75 O.S. 250 (1989) ET SEQ., IN WHICH THE LEGISLATURE SPECIFICALLY DELEGATED SUCH RULEMAKING AUTHORITY TO ADMINISTRATIVE AGENCIES. SEE, ESP., 75 O.S. 250.2 (1989).
RULES AND REGULATIONS ENACTED BY ADMINISTRATIVE AGENCIES PURSUANT TO POWERS DELEGATED TO THEM HAVE THE FORCE AND EFFECT OF LAW AND THERE IS PRESUMPTION IN FAVOR OF LEGALITY AND INTENT TO COMPLY WITH THE LAW. ROTRAMEL V. PUBLIC SERVICE CO., 546 P.2D 1015, 1017 (OKLA. 1975). TEXAS OKLAHOMA EXPRESS V. SORENSON, 652 P.2D 285, 257 (OKLA. 1982) (DICTA). THUS, IT APPEARS THAT THE BOARD, BY VIRTUE OF ITS OWN RULES, HAS AMPLE DIRECT AUTHORITY TO EXERCISE ITS RIGHTS OF SUBROGATION AND INDEMNIFICATION. (I NOTE PARENTHETICALLY THAT THE LEGISLATURE HAS CONFIRMED THIS RIGHT IN SENATE BILL 708, 4, TO BE CODIFIED AT 74 O.S. 1306.1 OF TITLE 74)
THE BOARD ALSO HAS THE IMPLIED POWER TO EXERCISE THESE RIGHTS (PARTICULARLY WITH RESPECT TO INDEMNIFICATION WHICH IS NOT EXPRESSLY COVERED IN BOARD RULE 210) UNDER EQUITABLE LEGAL PRINCIPLES DESIGNED TO PROMOTE COMPLETE JUSTICE AND TO AVOID UNJUST ENRICHMENT. THESE PRINCIPLES HAVE BEEN RECOGNIZED BY THE OKLAHOMA SUPREME COURT IN THE PRIVATE INSURANCE CONTEXT. SEE, MARYLAND CASUALTY COMPANY V. KING, 381 P.2D 153 (OKLA. 1963). THIS CONCLUSION IS CONSISTENT WITH THE LEGISLATIVE MANDATE THAT THE BOARD CONDUCT ITS BUSINESS WITH DUE DILIGENCE, ACTING AS A PRUDENT PERSON WOULD "IN THE CONDUCT OF AN ENTERPRISE OF A LIKE CHARACTER AND WITH LIKE AIMS." 74 O.S. 1305. 1(1)(B) (1989) (I.E., AN INSURANCE COMPANY).
(NED BASTOW)